IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ALZORA MAEBELL WEST,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration,

    Defendant.

Case No. 16-CV-429-FHM

**OPINION AND ORDER**

Plaintiff, Alzora Maebell West, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's September 29, 2011, application for disability benefits was denied initially and on reconsideration. Hearings before Administrative Law Judge ("ALJ") Richard J. Kallsnick were held February 27, 2013, May 1, 2014, and December 11, 2014. By decision dated January 30, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 3, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 54 years old on the amended alleged date of onset of disability and 57 on the date of the ALJ's denial decision She has a high school education and formerly worked as a dishwasher and a kitchen helper. She claims to have been unable to work since the amended alleged onset date of September 23, 2011 as a result of degenerative disc disease, degenerative joint disease, obesity, hypertension, depression, and post traumatic stress disorder.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform medium work as defined in the Commissioner's regulations with additional limitations. Plaintiff is able to complete simple instructions, is able to relate to co-workers and supervisors for work purposes only, but is unable to relate to the general public.

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case

was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erred by disregarding a portion of the opinion of the consultative examiner and by failing to include limitations related to perform the lifting, bending, stooping, and standing required of medium exertion work.

## Analysis

### Consultative Examiner's Opinion

Minor Gordon, PhD, performed a mental consultative examination of Plaintiff on July 10, 2014. [R. 480-483]. He completed a Medical Source Statement of Ability to Do Work (Mental). [R. 484-486]. Dr. Gordon also found Plaintiff had a "moderate" limitation in the ability to understand, remember, and carry out simple instructions, and in the ability to make judgments on simple work-related decisions. [R. 485]. The Medical Source Statement form states that "moderate" means: "There is more than a slight limitation in this area but the individual is still able to function satisfactorily." [R. 484].

Plaintiff argues that the ALJ disregarded Dr. Gordon's opinion about her "moderate" limitation in the ability to understand, remember, and carry out simple instructions in finding that Dr. Gordon's opinion is consistent with the RFC for the ability to "complete simple instructions." [R. 20, 23]. Plaintiff also asserts that the ALJ erred by mischaracterizing the meaning of the term "moderate." In the decision, the ALJ stated that a moderate limitation

3

is "defined as a *slight* limitation in the area, but still able to function satisfactorily" [R. 23, emphasis supplied].

The ALJ misstated a portion of the meaning of the term "moderate," by stating that it was a *slight* limitation, when the term is actually defined as meaning a *more than slight* limitation. The ALJ did, however, get the second half of the definition correct. The ALJ accurately stated that the individual is "still able to function satisfactorily." The focus of a disability decision is on the ability to function, despite impairments. The significant part of the definition of the term "moderate" is that the individual retains the ability to function satisfactorily. The ALJ's misstatement of the definition of "moderate" is in the nature of a typographical or scrivener's error, which by itself does not require remand.

The court is troubled, however, that the ALJ stated Dr. Gordon's limitations were consistent with the RFC when the ALJ did not address a significant conclusion made by Dr. Gordon. In the narrative portion of his consultative examination report, Dr. Gordon stated that Plaintiff's short-term memory was impaired to the degree that "Ms. West would have a great deal of difficulty performing even a routine repetitive task owing to her memory impairments as well as moderate to severe depression and moderate anxiety." [R. 483]. The ALJ's decision does not include this comment in the summary of Dr. Gordon's evaluation, nor does the ALJ otherwise address the comment. The failure to address what appears to be a key conclusion about Plaintiff's ability to work combined with the misstatement of the meaning of the word moderate indicates that the ALJ misunderstood Dr. Gordon's opinion to be that Plaintiff could do simple work with little problem. However, as evidenced by the quoted language from Dr. Gordon's report, Dr. Gordon's opinion does not appear to be consistent with the RFC. The case must therefore

be remanded for the ALJ to address the narrative comments made by Dr. Gordon about Plaintiff's inability to perform a routine repetitive task.

### Consideration of Degenerative Joint Disease and Obesity

Plaintiff argues that the ALJ's determination that she is capable of performing medium work is not supported by substantial evidence. Plaintiff points out information which she argues should have caused the ALJ to conclude that she was not capable of performing medium work. However, the existence of evidence in the record or an argument contrary to the ALJ's findings does not deprive the findings of substantial support in the record. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

The ALJ thoroughly and accurately summarized the sparse evidence concerning Plaintiff's physical complaints. The ALJ's conclusion that the evidence does not support the severity of Plaintiff's physical complaints is supported by substantial evidence. The court further finds that the ALJ's RFC finding is supported by substantial evidence.

### **Conclusion**

The ALJ's decision is REVERSED and the case is REMANDED for further proceedings as outlined herein.

SO ORDERED this 20th day of June, 2017.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE