IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ALZORA MAEBELL WEST,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

    Defendant.

Case No. 16-CV-429-FHM

## OPINION AND ORDER

    Plaintiff's Application for Award of Attorney Fees Under the Equal Access to Justice Act, [Dkt. 20], and Supplement to that motion, [Dkt. 25], are before the court for decision. The matter has been fully briefed, [Dkt. 20, 21, 24, 25], and is ripe for decision.

    The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires the United States to pay attorney fees and expenses to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

    In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." *Id.* In determining whether the government's position is substantially justified, it would seem appropriate to equate the concept of substantial justification (i.e. "justified to a degree

that could satisfy a reasonable person)[1] with the substantial evidence (i.e. evidence a reasonable mind might accept as adequate to support a conclusion)[2] required to support the agency's decision.  However, the Tenth Circuit has rejected that approach holding that a position may be substantially justified even though it was not supported by substantial evidence.  If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).  The Tenth Circuit has reasoned that an automatic award of fees under the EAJA would be contrary to the intent of Congress, and adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267.  The Court approvingly quoted the following language from a Second Circuit case:

> [A] reversal based on the 'hazy contours of the "substantial evidence" rule' does not necessarily mean that the position of the Government was not substantially justified.

*Id.*, at 1269, (quoting *Cohen v. Bowen*, 837 F.2d 582, 858 (2nd Cir. 1988).

In this case, the court reversed the case, not for legal error, but because it found the decision was not supported by substantial evidence.  The court remanded the case because one of the findings made by a consultative examiner concerning Plaintiff's short term memory and its impact on her ability to work was not addressed by the ALJ.  Since that finding was not addressed, the court could not say the decision was supported by

---

[1] *Pierce*, 487 U.S. at 545.

[2] *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir.1989).

substantial evidence. Since it is error to simply equate the finding of a lack of substantial evidence on the merits with a lack of substantial justification and thereby automatically award fees under the EAJA, the court has thoroughly reviewed its decision and has considered the arguments presented to determine whether the government's position had sufficient evidentiary support to be substantially justified. In conducting that review, the undersigned was guided by language in *Pierce v. Underwood*, that "a position can be justified even though it is not correct . . . and can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." 108 S.Ct. at 2550, n.2.

The court finds that the Commissioner has demonstrated that there exists a genuine dispute as to whether Plaintiff had functional limitations resulting from her short term memory that prevented her from working. The Commissioner pointed to evidence supporting of the ALJ's decision and what can be viewed as inconsistencies in the consultative examiner's opinion. The court finds therefore that the Commissioner's position was substantially justified. As a result, it is not appropriate to award EAJA fees.

Plaintiff's Application for Award of Attorney Fees Under the Equal Access to Justice Act, [Dkt. 20], and Supplement to that motion, [Dkt. 25], are DENIED.

SO ORDERED this 2nd day of January, 2018.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE